IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA ROBINSON, | No. C 11-1339 LHK (PR) |
| Petitioner, | ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING PENDING MOTIONS |
| v. | |
| WARDEN W. MILLER, | |
| Respondent. | (Docket Nos. 1, 2, 6, 7, 8, 9, 10, 13.) |

Petitioner, a state prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her 2007 conviction and sentence. Petitioner has paid the filing fee.[1] For the reasons that follow, the Court DISMISSES the amended petition with leave to amend.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

---

[1] Petitioner's motions for leave to proceed in forma pauperis are DENIED as moot. (Docket nos. 9, 13.)

Order of Dismissal with Leave to Amend; Denying Pending Motions
P:\PRO-SE\SJ.LHK\HC.11\Robinson339dwla.wpd

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*
2  *v. Hodges*, 423 U.S. 19, 21 (1975).
3       A district court shall "award the writ or issue an order directing the respondent to show
4  cause why the writ should not be granted, unless it appears from the application that the
5  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.
6  **B.**    **Petitioner's Claims**
7       As grounds for relief, Petitioner appears to allege that there were several instances in
8  which trial counsel was ineffective, the prosecutor committed misconduct, and the trial court
9  committed errors. However, as the remaining claims currently read, the Court cannot fairly
10 evaluate them. For example, in Claim 4 alone, Petitioner alleges that: (1) she was forced to keep
11 counsel after the denial of her *Marsden* motion; (2) the pre-trial identification procedure was
12 suggestive; (3) there was a *Batson* violation; and (4) she should have received a competency
13 hearing.
14      In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil
15 Procedure, requires only "a short and plain statement of the claim showing that the pleader is
16 entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus
17 cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all
18 the grounds for relief available to [him]" and to "state the facts supporting each ground." *See*
19 *also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state
20 his claims with sufficient specificity). A prime purpose of Rule 2(c)'s demand that habeas
21 petitioners plead with particularity is to assist the district court in determining whether the state
22 should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S.
23 644, 655-56 (2005). Conclusory allegations in a habeas petition fail to state a claim and do not
24 suffice to shift the burden to the state to answer an order to show cause. *See Allard v. Nelson*,
25 423 F.2d 1216, 1217 (9th Cir. 1970).
26      Petitioner is urged to clearly state each ground for relief, and provide sufficient facts to
27 support each claim. Petitioner shall not group several claims together, but shall clearly separate
28 each ground for relief. Accordingly, the Court will DISMISS the petition with LEAVE TO

AMEND, and allow Petitioner an opportunity to clearly state her grounds for relief and provide sufficient facts to support each claim.

C.   **Motions for Appointment of Counsel**

Petitioner has requested appointment of counsel in this action. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). At this stage of the litigation, the motions are premature. The Court cannot determine whether the interests of justice require appointment of counsel. Accordingly, Plaintiff's motions are DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

D.   **Motions for Evidentiary Hearing and Production of Discovery**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court generally may not hold an evidentiary hearing on a claim adjudicated by the state court on its merits. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1339-1400 (2011). Moreover, under no circumstances is such a hearing available to a habeas petitioner who has failed to develop a factual basis in state court, unless such petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). A prisoner "fails" to develop the factual basis of a claim, triggering § 2254(e)(2), if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual

1  case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner
2  prescribed by state law." *Id.* at 437.  Here, Petitioner has not shown she endeavored to develop
3  the factual basis the claims upon which she desires an evidentiary hearing, nor has she shown
4  that any exception contained in section 2254(e)(2) is applicable here.

5       A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to
6  discovery as a matter of ordinary course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).
7  However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254,
8  provides that a "judge may, for good cause, authorize a party to conduct discovery under the
9  Federal Rules of Civil Procedure and may limit the extent of discovery."  Before deciding
10 whether a petitioner is entitled to discovery under Rule 6(a) the Court must first identify the
11 essential elements of the underlying claim.  *See Bracy*, 520 U.S. at 904 (difficulties of proof
12 aside, petitioner's allegation of judicial bias, if proved, would violate due process clause).  The
13 Court must then determine whether the Petitioner has shown "good cause" for appropriate
14 discovery to prove his claim.  *See id.*  At this stage of the litigation, the Court cannot identify the
15 essential elements of Petitioner's claim, and Petitioner has not demonstrated good cause.
16 Accordingly, Petitioner's motions for an evidentiary hearing and for discovery are DENIED
17 without prejudice.

**CONCLUSION**

19     1.     Petitioner's motions for leave to proceed in forma pauperis are DENIED as moot.
20 Petitioner's motions for appointment of counsel are DENIED without prejudice.  Petitioner's
21 motions for an evidentiary hearing and discovery are DENIED without prejudice.

22     2.     Petitioner shall file a second amended petition on the enclosed habeas form as set
23 forth below.  The second amended petition must include the caption and civil case number used
24 in this order (C 11-1339 LHK (PR)) and the words "SECOND AMENDED PETITION" on the
25 first page.  The second amended petition will supercede any prior filings, and Petitioner is
26 reminded that the second amended petition must contain all claims she wishes to pursue and may
27 not incorporate by reference any parts of the original petition.  *See Ferdik v. Bonzelet*, 963 F.2d
28 1258, 1262 (9th Cir. 1992).  The second amended petition shall be on the Court's form for

1 habeas petitions, **a copy of which is enclosed with Petitioner's copy of this order.**

2  Petitioner shall take care to write clearly and legibly, so that the Court can read what she writes. She must clearly state the grounds for habeas relief challenging either an underlying state court criminal conviction or the legality of her confinement. She must set out how she has exhausted her claims, that is, what she did to present them first to the highest state court available, which is the Supreme Court of California. **If Petitioner fails to file a second amended petition in conformity with this order, this action will be dismissed without prejudice.**

3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket nos. 1, 2, 6, 7, 8, 9, 10, 13.

IT IS SO ORDERED.

DATED:  6/3/11

LUCY H. KOH
United States District Judge

Order of Dismissal with Leave to Amend; Denying Pending Motions
P:\PRO-SE\SJ.LHK\HC.11\Robinson339dwla.wpd        5