IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA ROBINSON,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN W. MILLER,<br><br>    Respondent. | No. C 11-1339 LHK (PR)<br><br>ORDER GRANTING SUA SPONTE EXTENSION OF TIME FOR PETITIONER TO FILE A SECOND AMENDED PETITION; DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Docket No. 17) |

Petitioner has filed a *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254.  Before the Court are Petitioner's letter (docket no. 15), and Petitioner's request for appointment of counsel (docket no. 17).

In an order dated June 3, 2011, the Court directed Petitioner to file a second amended petition by July 5, 2011, or face possible dismissal of her action.  On June 17, 2011, Petitioner filed a letter in which she claimed she had limited access to the law library, and she was confused as to the actual deadline the Court imposed upon her.  On July 12, 2011, Petitioner filed a second amended petition with the Court.  However, the envelope attached to the second amended petition was stamped by the U.S. Post Office on July 6, 2011, one day after the Court's July 5, 2011 deadline.  Based on Petitioner's letter, the Court on its own motion GRANTS Petitioner an extension of time, and deems her second amended petition timely filed.

Petitioner has requested appointment of counsel in this action.  However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*,

1   791 F.2d 722, 728 (9th Cir. 1986).  While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court
2   to appoint counsel to represent a habeas petitioner if "the court determines that the interests of
3   justice so require," the courts have made appointment of counsel the exception rather than the
4   rule.  Appointment is mandatory only when the circumstances of a particular case indicate that
5   appointed counsel is necessary to prevent due process violations.  *See Chaney v. Lewis*, 801 F.2d
6   1191, 1196 (9th Cir. 1986).  At this stage of the litigation, the motion is premature.  The Court
7   cannot determine whether the interests of justice require appointment of counsel.  Accordingly,
8   Petitioner's motion is DENIED.  This denial is without prejudice to the Court's *sua sponte*
9   reconsideration should the developments of this case dictate otherwise.

        This order terminates docket no. 17.

        IT IS SO ORDERED.

DATED:   8/8/11

                                                            *Lucy H. Koh*
                                                            LUCY H. KOH
                                                            United States District Judge