IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LENORA ROBINSON, | ) | No. C 11-1339 LHK (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) ) | |
| WARDEN W. MILLER, | ) ) | (Docket No. 18.) |
| Respondent. | ) ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her 2007 conviction and sentence. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.      Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

Order to Show Cause
P:\PRO-SE\SJ.LHK\HC.11\Robinson339osc.wpd

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

As grounds for relief, Petitioner alleges that: (1) trial counsel rendered ineffective assistance; (2) there was insufficient evidence to support her convictions; (3) the prosecutor committed misconduct during opening and closing arguments; (4) the prosecutor withheld exculpatory evidence; (5) she was denied her right to hire her own counsel of choice; (6) the trial court improperly denied her motion to substitute counsel; (7) the pretrial identification procedure was unduly suggestive; (8) the trial court erred in not conducting a competency hearing; (9) appellate counsel rendered ineffective assistance; and (10) cumulative errors were prejudicial. Liberally construed, these claims are cognizable on federal habeas review. The Court orders Respondent to show cause why the amended petition should not be granted as to the above issues.

**D.      Motions for Evidentiary Hearing and Production of Discovery**

Petitioner moves for an evidentiary hearing and production of discovery. (Dkt. No. 18.) It appears she has re-filed the same form motion she originally filed on March 21, 2011. The Court previously considered and rejected the motion on June 3, 2011. Thus, for the reasons stated in that June 3, 2011 order, Petitioner's motions remain DENIED without prejudice.

## CONCLUSION

1.      Petitioner's motions for an evidentiary hearing and discovery are DENIED without prejudice.

2.      The Clerk shall serve by mail a copy of this order and the second amended petition (docket no. 16) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3.      Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

1  granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of
2  the underlying state criminal record that have been transcribed previously and that are relevant to
3  a determination of the issues presented by the petition.

4  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
5  Court and serving it on Respondent within **thirty days** of the date the answer is filed.

6  4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
8  2254 Cases within **ninety days** of the date this order is filed.  If Respondent files such a motion,
9  Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-
10 opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the
11 court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

12 5.  It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
13 all communications with the Court must be served on Respondent by mailing a true copy of the
14 document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of
15 any change of address by filing a separate paper captioned "Notice of Change of Address."  She
16 must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
17 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
18 41(b).

19 This order terminates docket no. 18.
20 IT IS SO ORDERED.
21 DATED:   8/30/11

_Lucy H. Koh_
LUCY H. KOH
United States District Judge