NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA ROBINSON, ) <br> ) <br>     Petitioner, ) <br> ) <br>   v. ) <br> ) <br> WARDEN W. MILLER, ) <br> ) <br>     Respondent. ) <br> _____ ) | No. C 11-1339 LHK (PR) <br><br> ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS; REQUIRING ELECTION BY PETITIONER <br><br> (Docket Nos. 23, 26, 27) |

Petitioner, a state prisoner proceeding *pro se*, filed a second amended petition ("SAP") for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the SAP should not be granted. Respondent has filed a motion to dismiss for failure to exhaust. Petitioner has filed a "traverse," which this Court construes as an opposition.[1] Respondent has not filed a reply. For the reasons below, the Court GRANTS in part and DENIES in part Respondent's motion to dismiss, but requires Petitioner to elect how she wishes to proceed.

---

[1] In her opposition, Petitioner makes no arguments specific to Respondent's allegations. Instead, she makes a general plea to the Court to find that she has exhausted all of her claims. Petitioner then proceeds to argue her claims on the merits.

Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner
G:\PRO-SE\SJ.LHK\HC.11\Robinson339mtdexh.wpd

**BACKGROUND**

Petitioner challenges her 2007 criminal convictions and sentence in the San Francisco County Superior Court. (MTD, Ex. A at 2.) Petitioner filed a direct appeal to the California Court of Appeal (*id.*, Ex. A), which affirmed the conviction and judgment (*id.*, Ex. C), and a subsequent petition for review in the California Supreme Court (*id.*, Ex. D), which denied the petition (*id.*, Ex. E). Petitioner then filed a state habeas petition in the California Court of Appeal (*id.*, Ex. F) and a "motion for review" in California Supreme Court (*id.*, Ex. H). The California Supreme Court construed Petitioner's "motion for review" as a petition for review, and denied it. (*Id.*, Ex. I.) Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court (*id.*, Ex. J), which was ultimately denied (*id.*, Ex. K). The instant SAP was filed on July 12, 2011.

In the SAP, this Court found that Petitioner presented ten cognizable claims: (1) trial counsel rendered ineffective assistance; (2) there was insufficient evidence to support her convictions; (3) the prosecutor committed misconduct during opening and closing arguments; (4) the prosecutor withheld exculpatory evidence; (5) she was denied her right to hire her own counsel of choice; (6) the trial court improperly denied her motion to substitute counsel; (7) the pretrial identification procedure was unduly suggestive; (8) the trial court erred in not conducting a competency hearing; (9) appellate counsel rendered ineffective assistance; and (10) cumulative errors were prejudicial.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied

only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Respondent moves to dismiss Claims 7, 8, and 10, and portions of Claims 1, 3, and 9. Respondent presents four general arguments as to why these Claims are not exhausted: (1) Petitioner failed to present the claims to any state court; (2) Petitioner failed to present the claims to the California Supreme Court; (3) as the claims are stated, Petitioner did not provide the California Supreme Court with the operative facts; and (4) the claims as presented to the state courts differed either in legal theory or factual basis as that presented in this Court. The Court will address each argument below.[2]

I.   Failure to present to the California Supreme Court

In Claim 1-2, Petitioner states, "Defense counsel committed a Brady violation against his own client. This falls below a reasonable professional standard. He concealed the psychiatric report which recommended a 730/1017 evaluation for competency to stand trial. The psych evaluation determined she was vague and confuse[d] from past head injury and/or PTSD. Head trauma also cause[d] her to suffer from cognitive disorder. The court nor the jury knew which could reasonably deduct she can be manipulated and thus negates her culpability for the crime. . . ." (SAP at 7.) A review of Petitioner's petitions for review, and petition for habeas corpus to the California Supreme Court reveals that Petitioner did not present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

In Claim 1-5, Petitioner states, "Defense counsel willingly and knowingly concealed evidence that would have made a sufficient difference in the decision made in this matter. See exhibit A." (SAP at 8.) As Respondent notes, this Claim, in essence, is the same as Claim 1-2, and therefore, is also unexhausted.

---

[2] Because the failure to raise a claim to the highest state court results in that claim being unexhausted regardless of whether the claim was also raised to the California Court of Appeal, *see* 28 U.S.C. § 2254(b), (c), the Court will combine Respondent's first and second arguments.

In Claim 1-11, Petitioner states, "Defense counsel failed to make juror competence." (SAP at 9-10.) A review of Petitioner's petitions for review, and petition for habeas corpus to the California Supreme Court reveals that Petitioner did not present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

In Claim 1-13, Petitioner states, "Defense counsel left a DA on the jury. See exhibit F and G." (SAP at 10.) A review of Petitioner's petitions for review, and petition for habeas corpus to the California Supreme Court reveals that Petitioner did not present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

In Claim 1-15, Petitioner states, "Defense counsel failed to object to inadmissible evidence such as money that was throughout at preliminary. This allowed the DA to get the upper hand, being it was alleged to be took from a robbery. Petitioner had nothing that belonged to a robbery victim." (SAP at 10.) A review of Petitioner's petitions for review, and petition for habeas corpus to the California Supreme Court reveals that Petitioner did not present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

In Claim 1-18, Petitioner states, "Defense counsel failed to ask the charges to be dropped at the preliminary hearing when Floyd Holmes and Almondo Alston failed to show to court allowing DA to keep two weak cases together only serve to inflame the jury." (SAP at 11.) A review of Petitioner's petitions for review, and petition for habeas corpus to the California Supreme Court reveals that Petitioner did not present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

In Claim 1-19, Petitioner states, "Defense counsel failed to impeach Mr. Alsto and Mr. Holmes being they was facing drug charges and their story was not the same. They would of said anything to get a lighter punishment for their charges they was facing which is the only reason they showed to court. They never came before that." (SAP at 11.) A review of Petitioner's petitions for review, and petition for habeas corpus to the California Supreme Court reveals that Petitioner did not present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

In Claim 1-20, Petitioner states, "Defense counsel failed to impeach Ms. Gale Gatan

1  being her story changed every time she told it and she never once implicated defendant until the
2  day of the trial which she stated she only implicated me cause the DA came to her and showed
3  her one single photo of Petitioner." (SAP at 11.) A review of Petitioner's petitions for review,
4  and petition for habeas corpus to the California Supreme Court reveals that Petitioner did not
5  present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim is
6  unexhausted.

7        In Claim 1-25, Petitioner states, "Defense counsel failed to file a motion to suppress Ms.
8  Gatan's identification which was unduly and highly suggestive. No competent or reasonable
9  counsel would of made so many errors." (SAC at 12.) A review of Petitioner's petitions for
10 review, and petition for habeas corpus to the California Supreme Court reveals that Petitioner did
11 not present this Claim to the highest state court. (MTD, Exs. D, H, J.) Accordingly, this Claim
12 is unexhausted.

13       In Claim 3-6,[3] Petitioner states, "The prosecutor failed to tell the jury that mere presence
14 at the scene of the crime was insufficient to establish guilt nor was it in jury instruction." (SAP
15 at 15.) A review of Petitioner's petitions for review, and petition for habeas corpus to the
16 California Supreme Court reveals that Petitioner did not present this Claim to the highest state
17 court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

18       In Claim 9-3, Petitioner states, "Appellate counsel failed to explain to defendant that
19 being the trial court's re-sentenced defendant without defendant or counsel for defendant.
20 Appellate counsel failed to inform petitioner that she can resubmit direct appeal and get new
21 appellate counsel. Instead appellate counsel said I can only raise re-sentencing issue." (SAP at
22 20.) A review of Petitioner's petitions for review, and petition for habeas corpus to the
23 California Supreme Court reveals that Petitioner did not present this Claim to the highest state
24 court. (MTD, Exs. D, H, J.) Accordingly, this Claim is unexhausted.

25       In Claim 9-5, Petitioner states, "Appellate counsel failed to raise Rosario claim on
26 appeal." (SAP at 21.) A review of Petitioner's petitions for review, and petition for habeas

28       [3] Respondent inadvertently refers to this as Claim 3-5. (MTD at 10.)

1   corpus to the California Supreme Court reveals that Petitioner did not present this Claim to the
2   highest state court.  (MTD, Exs. D, H, J.)  Accordingly, this Claim is unexhausted.

3        In Claim 10, Petitioner states, "Too many errors to occur and error prejudice the
4   proceedings.  The petitioner asks if the court don't see one error enough to grant relief that the
5   court apply cumulative error rule . . ."  (SAP at 19.)  A review of Petitioner's petition for habeas
6   corpus in California Court of Appeal reveals that she stated, "If the courts don't see one of the
7   many violations enough to grant defendant relief, the defendant asks the court to see it as
8   cumulative and grant the defendant immediate release or a fair trial."  (MTD, Ex. F at 45.)  Then,
9   in Petitioner's petition for review in California Supreme Court, she again states, "However if the
10  courts don't find one good reason to grant relief petitioner ask the court to see it as a cumulative
11  errors that had a tremendous effect on the trial that it so deprived defendant of due process."
12  (MTD, Ex. H at 10.)  Because the underlying record shows that Petitioner did, in fact, present
13  this Claim to the state courts, this Claim is exhausted.

14  II.   Failure to present operative facts

15        The exhaustion requirement is satisfied only if the federal claim has been "fairly
16  presented" to the state courts.  *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Peterson v. Lampert*,
17  319 F.3d 1153, 1155 (9th Cir. 2003) (en banc).  "Fair presentation requires that the petitioner
18  describe in the state proceedings both the operative facts and the federal legal theory on which
19  his claim is based so that the state courts have a fair opportunity to apply controlling legal
20  principles to the facts bearing upon his constitutional claim."  *Davis v. Silva*, 511 F.3d 1005,
21  1009 (9th Cir. 2008).  Thus, a claim raised in state court "must include reference to a specific
22  federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to
23  relief."  *Id.*  The specific factual basis of the federal claim must be presented to the highest state
24  court.  *See Kelly v. Small*, 315 F.3d 1063, 1067-1069 (9th Cir. 2003) (finding ineffective
25  assistance of counsel claim unexhausted where specific instances of ineffectiveness were not
26  found in petition presented to the California Supreme Court), *overruled on other grounds by*
27  *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).  To fully and fairly present a claim to the
28  state courts, a petitioner "must describe in the state proceedings both the operative facts and the

1  federal legal theory on which his claim is based so that the state courts have a fair opportunity to
2  apply controlling legal principles to the facts bearing upon the constitutional claim." *Kelly*, 315
3  F.3d at 1066 (internal quotation marks omitted).
4        In Claim 1-1, Petitioner claims that defense counsel rendered ineffective assistance
5  because, "He failed to investigate my background, life history, physical and mental status, which
6  in reasonable probability could have shown jurors her [] intent, reduce[d] her culpability, and
7  may have result[ed] in a lesser included charge." (SAP at 7.) Respondent correctly
8  acknowledges that Petitioner properly raised this claim in the California Court of Appeal (MTD,
9  Ex. F at 16), but argues that Petitioner failed to allege sufficient operative facts in her petition for
10 review to the California Supreme Court to support this claim. A review of Petitioner's state
11 pleadings in the California Supreme Court shows that, in her petition for review (MTD, Ex. F),
12 Petitioner failed to make this specific allegation. (MTD, Ex. H.) Further, in Petitioner's petition
13 for habeas corpus (MTD, Ex. J at 15-16), Petitioner made legal statements regarding diminished
14 capacity and ineffective assistance of counsel, however, she did not allege that her own counsel
15 was ineffective for failing to investigate and pursue that defense. *See Kelly*, 315 F.3d at 1066.
16 Accordingly, this Claim is unexhausted.
17       In Claim 1-4, Petitioner alleges that defense counsel rendered ineffective assistance
18 because, "Defendent counsel did not conduct investigation of defendant's background, life
19 history, physical or mental health status." (SAP at 8.) As Respondent notes, this Claim, in
20 essence, is the same as Claim 1-1, and therefore, is also unexhausted.
21       In Claim 1-8, Petitioner alleges that defense counsel rendered ineffective assistance
22 because, "Counsel failed to present mitigating evidence." (SAP at 9.) Respondent concedes that
23 Petitioner made this same claim in his habeas petition to the California Supreme Court (MTD,
24 Ex. J at 15), but argues that it is unexhausted because Petitioner fails to present any factual basis
25 for the claim. (MTD at 8.) It is true that the factual basis supporting this claim is rather thin.
26 However, Petitioner is only required to provide the state court with the operative facts; "that is,
27 all of the facts necessary to give application to the constitutional principle upon which [the
28 petitioner] relies." *Davis*, 511 F.3d at 1009 (internal quotations omitted) ("Exhaustion, however,

Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner
G:\PRO-SE\SJ.LHK\HC.11\Robinson339mtdexh.wpd
7

does not require that a habeas petitioner . . . present to the state courts every piece of evidence supporting his federal claims in order to satisfy the exhaustion requirement.). In this case, Petitioner did just that. Thus, this Claim is exhausted.

In Claim 1-12, Petitioner states, "Defense counsel failed to voir dire jury instead he stood up and made a joke." (SAP at 10.) In Claim 8, Petitioner states that the trial court, "failed to entertain the psych report or order competency hearing." (SAP at 19.) Again, Respondent concedes that Petitioner made these same claims in his habeas petition to the California Supreme Court (MTD, Ex. J at 15), but argues that because Petitioner fails to present any factual basis for the claim, it is unexhausted. (MTD at 8.) For the reason that Claim 1-8 is exhausted, the Court finds Claims 1-12 and 8 exhausted as well.

III.     Different legal theory or factual basis

"[M]ere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). New factual allegations in a federal petition, however, do not render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state courts. *Belmontes v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir. 2005), *rev'd on other grounds*, *Ayers v. Belmontes*, 127 S. Ct. 469 (2007).

In Claim 1-21, Petitioner claims that defense counsel rendered ineffective assistance of counsel because counsel "failed to advice defendant of plea deal." (SAP at 11.) Respondent concedes that Petitioner made this same argument in the California Court of Appeal (MTD at 9, Ex. F at 22), but argues that Petitioner made a different claim in the California Supreme Court. In the California Court of Appeal, Petitioner explained that counsel failed to advise her about a proposed plea deal, and instead, when Petitioner asked him about a plea deal, counsel stated that the deal would be 10 years, and informed her that they were not going to accept the deal but proceed to trial instead. (MTD, Ex. F at 22.) In the California Supreme Court, Petitioner stated, "Counsel was ineffective for his deficient advice that prevented defendant from accepting alleged proposed plea agreement." (MTD, Ex. J at 15.) Although it is not a model of clarity, liberally construed, the Court disagrees that the claim as presented to the California Supreme Court differs from that alleged in the California Court of Appeal, or this Court. Respondent

1  appears to argue that the claim presented in Petitioner's federal petition can be read to allege that
2  counsel failed to inform Petitioner about any plea offer, while the claim in Petitioner's California
3  Supreme Court petition can be read to allege that counsel gave improper or incorrect advice
4  regarding a plea offer.  Regardless of the inferred discrepancies between the allegations in
5  Petitioner's state petition and that in his federal petition, they do not "fundamentally alter"
6  Petitioner's legal claim that counsel rendered ineffective assistance of counsel because counsel's
7  performance deprived Petitioner of the opportunity to accept an offer that would have resulted in
8  either lesser convictions or a less severe sentence.  *See, e.g.*, *Chacon v. Wood*, 36 F.3d 1459,
9  1468-69 (9th Cir. 1994), *superseded by statute on other grounds as stated in Morris v.*
10 *Woodford*, 229 F.3d 775, 779 (9th Cir. 2000).  Thus, this Claim is exhausted.

11      In Claim 7, Petitioner states, "The photo identification by Gale Gatan was highly
12 suggestive and unduly.  Neither defendant nor defense counsel was present at identification
13 procedure.  The identification testimony at trial by Mrs. Gatan should not have been admissible
14 being it was obtained in an unduly way. . . .  A single photo only served to put attention of
15 defendant."  (SAP at 17.)  Respondent argues that, while Petitioner raised this claim in the
16 California Court of Appeal, she did not raise this same substantive claim in California Supreme
17 Court.  In the California Supreme Court, Petitioner raised this claim as an ineffective assistance
18 of counsel claim for failing to raise the suggestive photo identification allegation on appeal.
19 (MTD at 10, Ex. F at 44.)  A review of Petitioner's pleadings in the California Supreme Court
20 reveals that Respondent is correct.  In the California Supreme Court, Petitioner only raises this
21 claim by asserting that appellate counsel was ineffective for failing to appeal this issue.
22 However, a claim of ineffective assistance of appellate counsel does not fairly present the
23 underlying claim to the state court.  *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005)
24 (holding that state court claims that trial counsel and appellate counsel were ineffective in failing
25 to challenge the admission of a confession did not fairly present to the state courts the underlying
26 claim that the admission of the confession was a violation of petitioner's Fifth and Fourteenth
27 Amendment rights).  Thus, this Claim is unexhausted.
28      Accordingly, the Court concludes that the following claims are unexhausted: 1-1, 1-2, 1-

4, 1-5, 1-11, 1-13, 1-15, 1-18, 1-19, 1-20, 1-25, 3-6, 7, 9-3, and 9-5.

Because Petitioner's federal petition contains both exhausted and unexhausted claims, it is a "mixed" petition. See *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court will not dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without first giving Petitioner the opportunity to elect whether to proceed with just the exhausted claims, or to try to exhaust the unexhausted claims before having this Court consider the federal petition. Therefore, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether she wants to:

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims; or

(2) dismiss this entire action and return to state court to exhaust all claims before filing a new federal petition presenting all of her claims; or

(3) move to stay these proceedings while she exhausts the unexhausted claims in the California Supreme Court.

In *Rhines*, the United States Supreme Court discussed the stay-and-abeyance procedure for mixed petitions. The Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally

dilatory litigation tactics by the petitioner.[4] *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty (30) days to proceed to state court and thirty (30) days to return to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071.

Petitioner is cautioned that each of the three options outlined above has risks and drawbacks that she should take into account in deciding which one to choose. If she chooses option (1) and goes forward with only her exhausted claims, she may face dismissal of any later-filed petition challenging the underlying conviction and sentence. *See* 28 U.S.C. § 2244(b). If she chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, her new federal petition may be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If she chooses option (3), she must file a motion in this Court to obtain a stay and demonstrate good cause for failing to exhaust. If the motion is granted, she then must act diligently to file a petition in the California Supreme Court and obtain a decision from that court on her unexhausted claims. Petitioner then must return to this Court. Under option (3), this action stalls. This Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.

---

[4] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss is GRANTED in part and DENIED in part.

2. **Within thirty (30) days** of the date of this order, Petitioner must serve and file a notice in which he states whether he elects to: (1) dismiss the unexhausted claims (Claims 1-1, 1-2, 1-4, 1-5, 1-11, 1-13, 1-15, 1-18, 1-19, 1-20, 1-25, 3-6, 7, 9-3, and 9-5) and go forward in this action with only the exhausted claims; or (2) dismiss this action and return to state court to exhaust all of her claims before returning to federal court to present all of her claims in a new petition; or (3) move for a stay of these proceedings by demonstrating good cause while she exhausts his state court remedies for the unexhausted claims.

If Petitioner chooses Option (1) or Option (2), her filing need not be a long document; it is sufficient if she files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option _____ provided in the Court's Order dated _____." Petitioner must insert a number in place of the blank space to indicate which of the first two options he chooses and insert the date of the Court's Order.

If Petitioner chooses Option (3), she must file a motion for a stay in which she explains why she failed to exhaust her unexhausted claims in state court before presenting them to this Court, that her claim is not meritless, and that she is not intentionally delaying resolution of her constitutional claims. If Petitioner wants to file a motion under *King/Kelly* to amend her petition (to delete the unexhausted claims) and to stay this action while she exhausts state court remedies for the unexhausted claims, she may do so no later than thirty (30) days from the filing date of this order.

**If Petitioner does not choose one of the three options or file a motion within thirty (30) days of the date of filing date of this order, the entire action will be dismissed.**

Petitioner has filed her fifth motion for appointment of counsel, and her sixth motion for an evidentiary hearing and production of discovery. The Court has previously considered all of these motions, and rejected them. Thus, for the reasons previously stated in the Court's denials of those motions, Petitioner's motions are DENIED without prejudice.

The Clerk is directed to terminate the docket numbers 23, 26, 27.

IT IS SO ORDERED.

DATED: 8/2/12

_____
LUCY H. KOH
United States District Judge

Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner
G:\PRO-SE\SJ.LHK\HC.11\Robinson339mtdexh.wpd         13