NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA ROBINSON, | No. C 11-1339 LHK (PR) |
| Petitioner, | ORDER DENYING MOTION FOR STAY |
| v. | |
| WARDEN W. MILLER, | (Docket No. 31.) |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 3, 2012, the Court granted in part and denied in part Respondent's motion to dismiss for failure to exhaust state remedies, and directed Petitioner to choose from three options how she would like to proceed. On August 24, 2012, Petitioner filed a motion to stay her second amended petition and hold the action in abeyance. Respondent has filed an opposition to the motion. For the reasons below, the Court DENIES without prejudice Petitioner's motion to stay the petition.

## DISCUSSION

Petitioner moves for a stay of these proceedings so that she may return to the California Supreme Court to exhaust her unexhausted claims. Respondent opposes the motion, arguing that Petitioner has failed to demonstrate good cause, has failed to show that her claims are not

meritless, and has failed to argue that she is not intentionally delaying resolution of her constitutional claims. *See Rhines v. Weber*, 544 U.S. 269 (2005).

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay.[1] A stay under *Rhines* "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any such stay must be limited in time to avoid indefinite delay. *Id.* The Court in *Rhines* cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

The *King/Kelly* stay is the second kind of stay, and is an alternative method to deal with a petitioner who has some unexhausted claims she wants to present in his federal habeas action. Under the procedure outlined in *Kelly*, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

Here, Petitioner does not satisfy the requirements for a *Rhines* stay, nor does she satisfy

---

[1] *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).

the requirements for a *King/Kelly* stay.  Petitioner does not satisfy the requirements for a *Rhines* stay because: (1) she does not identify any of the claims that she wants to exhaust in state court, so this Court cannot determine whether the claims are not plainly meritless; (2) she does not show good cause for failing to exhaust the claims before filing the federal petition; and (3) she does not show that she is not and was not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78.  The Court therefore cannot grant a *Rhines* stay.

Petitioner's motion also does not suffice to obtain a *King/Kelly* stay because she has not amended her petition to delete the unexhausted claims, as she must under the procedure outlines in *King/Kelly*.  Thus, the motion for a stay is DENIED without prejudice to Petitioner filing a third amended petition containing only exhausted claims, and a new motion for a stay.

## CONCLUSION

Petitioner's motion for a stay and abeyance is DENIED without prejudice.  (Docket No. 31.)

If Petitioner wants to stay this action so that she may exhaust state court remedies as to one or more claims, she must file her motion for a stay no later than **thirty days** from the filing date of this order.  Along with the motion for a stay, Petitioner must file a third amended petition, in which she presents only exhausted claims.  The amended petition should have this case caption and case number C 11-1339 LHK on the first page and should be clearly marked "THIRD AMENDED PETITION."

The failure to file a third amended petition and a motion for a stay in conformity with this order and *King/Kelly*, will result in the automatic dismissal of the unexhausted claims as found by the Court in its August 3, 2012 order.

IT IS SO ORDERED.

DATED: 10/4/12

LUCY H. KOH
United States District Judge