NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA ROBINSON,           )<br>                                      )<br>            Petitioner,          )<br>                                      )<br>    v.                                )<br>                                      )<br>WARDEN W. MILLER,       )<br>                                      )<br>            Respondent.       )<br>_____) | No. C 11-1339 LHK (PR)<br><br>ORDER DISMISSING<br>UNEXHAUSTED CLAIMS; ORDER<br>TO SHOW CAUSE |

Petitioner, a state prisoner proceeding *pro se*, filed a second amended petition for writ of habeas corpus ("SAP") pursuant to 28 U.S.C. § 2254. In the SAP, this Court found that Petitioner presented ten cognizable claims: (1) trial counsel rendered ineffective assistance; (2) there was insufficient evidence to support her convictions; (3) the prosecutor committed misconduct during opening and closing arguments; (4) the prosecutor withheld exculpatory evidence; (5) Petitioner was denied the right to hire her own counsel of choice; (6) the trial court improperly denied her motion to substitute counsel; (7) the pretrial identification procedure was unduly suggestive; (8) the trial court erred in not conducting a competency hearing; (9) appellate counsel rendered ineffective assistance; and (10) cumulative errors were prejudicial.

On August 3, 2012, the Court granted in part and denied in part Respondent's motion to dismiss for failure to exhaust state remedies, and directed Petitioner to choose from three options

how she would like to proceed. On August 24, 2012, Petitioner filed a motion to stay the SAP and hold the action in abeyance. On October 5, 2012, the Court denied Petitioner's motion to stay. In that order, the Court warned Petitioner that if she failed to file a new motion to stay along with a third amended petition within thirty days, the Court would automatically dismiss the unexhausted claims, as found in its August 3, 2012 order. (Doc. No. 35.)

More than thirty days have passed, and Petitioner has not complied with the Court's most recent order. Accordingly, the Court DISMISSES Claims 1-1, 1-2, 1-4, 1-5, 1-11, 1-13, 1-15, 1-18, 1-19, 1-20, 1-25, 3-6, 7, 9-3, and 9-5.

Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted on the remaining claims. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fourteen days** of the date any opposition is filed.

IT IS SO ORDERED.

DATED: 11/21/12

LUCY H. KOH
United States District Judge

Order Dismissing Unexhausted Claims; Order to Show Cause
G:\PRO-SE\SJ.LHK\HC.11\Robinson339osc2.wpd

2