IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORA ROBINSON,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN W. MILLER,<br><br>    Respondent. | No. C 11-1339 LHK (PR)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding *pro se*, filed a second amended petition ("SAP") for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the SAP should not be granted. Respondent filed a motion to dismiss for failure to exhaust. After the parties briefed the motion, on August 3, 2012, the court granted the motion. On November 21, 2012, the court dismissed the unexhausted claims and ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer, which includes a motion to dismiss the action as untimely, as well as an argument that some of the claims are procedurally defaulted and the remaining are without merit. Petitioner has filed a traverse. For the reasons stated below, the

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

court GRANTS respondent's motion to dismiss the petition as untimely.[1]

## BACKGROUND

In 2007, a jury convicted petitioner of murder, conspiracy to commit robbery, and possession of a firearm after having been previously convicted of a felony. Ultimately, the trial court sentenced petitioner to a term of 56 years to life, without the possibility of parole.

On August 26, 2009, the California Court of Appeal affirmed the judgment. On December 2, 2009, the California Supreme Court denied petitioner's petition for review. (Resp. Ex. G.) On September 1, 2010, petitioner filed a state habeas petition in the California Court of Appeal. (Resp. Ex. H.) On September 8, 2010, the Court of Appeal issued a summary denial with citations to several California cases. (Resp. Ex. I.) On December 1, 2010, the California Supreme Court denied petitioner's petition for review. (Resp. Ex. K.) On June 3, 2011, petitioner filed another state habeas petition in the California Supreme Court. (Resp. Ex. L.) On November 2, 2011, the California Supreme Court denied the petition.

On March 21, 2011, petitioner initiated this action by filing a motion for appointment of counsel and motion for evidentiary hearing. On April 14, 2011, petitioner filed her initial petition for writ of habeas corpus in this court. On May 11, 2011, petitioner filed an amended petition. On June 11, 2011, the court dismissed petitioner's amended petition with leave to amend because the petition failed to comply with Federal Rule of Civil Procedure 8(a). On July 12, 2011, petitioner filed the underlying second amended petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such

---

[1] Because the court grants respondent's motion to dismiss this action as untimely, it is unnecessary to address respondent's argument that some claims are procedurally defaulted, and other claims should be denied on their merits.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run after the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner's conviction became final on March 2, 2010, ninety days after the California Supreme Court denied her petition for review. *See id.* Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on March 2, 2011. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant SAP was filed approximately four months later, on June 28, 2011.[2] *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thus, absent tolling, the instant petition is untimely.

The court notes that respondent uses the filing date of petitioner's SAP rather than petitioner's original or first amended petitions, filed April 14, 2011, and May 11, 2011, respectively.[3] Respondent argues that the filing date of the SAP should not "relate back" to petitioner's original or first amended petitions because neither of those petitions gave respondent fair notice of what petitioner's claims were, or the grounds upon which they rested. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 n.3 (1984). "The rationale of Rule 15(c) is that a party

---

[2] The SAP was file-stamped on July 12, 2011. Petitioner signed her SAP on June 28, 2011. Giving petitioner the benefit of the doubt, the court will use June 28, 2011, as the date petitioner filed her SAP.

[3] Petitioner's original and first amended petitions appear to be identical with the exception of the inclusion of petitioner's application to proceed in forma pauperis in petitioner's first amended petition. (Doc. No. 11 at 30-31.)

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Id.* "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted.) In *Baldwin County*, the Supreme Court concluded that because the plaintiff's original and first amended petitions did not give defendants "fair notice" of plaintiff's claims, the initial "pleading" was not "an original pleading that counsel be rehabilitated by invoking Rule 15(c)." *See id.*

Here, this court dismissed petitioner's first amended petition with leave to amend because the court could not fairly evaluate the claims as presented because the claims were not pled with specificity and were conclusory. (Doc. No. 14.) Thus, petitioner's original and first amended petitions did not give respondent fair notice of petitioner's claims, and petitioner's SAP cannot relate back to the previous filing dates. *Cf. Baldwin County*, 466 U.S. at 152 ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Using the filing date of the SAP – June 28, 2011 – petitioner's SAP is approximately four months late without tolling.

Even assuming, however, that the statute of limitations' clock stops running with the filing of petitioner's original petition,[4] filed on April 7, 2011,[5] this action is still untimely by approximately one month because petitioner is not entitled to statutory or equitable tolling.

---

[4] Although petitioner initiated this action on March 10, 2011, by filing a motion for appointment of counsel and motion for evidentiary hearing, those pleadings do not stop the clock from running because they are not "applications" within the meaning of 28 U.S.C. § 2244(d)(1)(A), and petitioner is not a capital prisoner. *See Calderon (Nicolaus) v. United States District Court*, 98 F.3d 1102, 1107 n.3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel"); *McFarland v. Scott*, 512 U.S. 849 (1994).

[5] The court uses April 7, 2011, as the filing date because that is the date stamped on the envelope.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

A. <u>Statutory tolling</u>

The one-year statute of limitations is tolled under section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001), *quoting* 28 U.S.C. § 2244(d)(2).

Here, on September 1, 2010, petitioner filed a state habeas petition in the California Court of Appeal. (Resp. Ex. H.) On September 8, 2010, the Court of Appeal issued a summary denial with citations to several California cases. (Resp. Ex. I.) Specifically, the Court of Appeal cited to, *inter alia*, *In re Clark*, 5 Cal. 4th 750, 782-99 (1993), and *In re Robbins*, 18 Cal. 4th 770, 780 (1998), as to all grounds. (*Id.*) *Clark* and *Robbins* are controlling California decisions that signify that a petition is untimely. *Walker v. Martin*, 131 S. Ct. 1120, 1124, 1126 (2011) (per curiam). Because the state court denied the petition as untimely, it is not "properly filed," and thus, cannot toll the statute of limitations under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-114 (2005); *see, e.g.*, *Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (per curiam) (whether time limit relied upon by state court is jurisdictional or affirmative defense, it is a condition to filing; therefore, an untimely state postconviction petition was improperly filed even though Alabama's time limit operates as an affirmative defense). It makes no difference that the Court of Appeal also denied the claims in the petition on other procedural grounds. *See Carey v. Saffold*, 536 U.S. 214, 225-26 (2002). Thus, the September 1, 2010, petition to the California Court of Appeal did not statutorily toll petitioner's statute of limitations.

Petitioner next filed a "motion requesting review rule of court concerning review" on October 8, 2010, in the California Supreme Court. (Resp. Ex. J.) On December 1, 2010, after construing the motion as a "petition for review," the California Supreme Court denied the petition for review without comment. (Resp. Ex. K.) Because the California Supreme Court exercised its discretion to deny review, the denial of petitioner's petition for review was not a decision on the merits. *See Williams v. Cavazos*, 646 F.3d 626, 636 (9th Cir. 2011), ("under California law, the state supreme court's discretionary denial of a petition for review is decidedly not a decision on the merits."), *overruled on other grounds by Johnson v. Williams*, 133 S. Ct. 1088 (2013). Because the

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd
5

California Supreme Court's discretionary denial was not a decision on the merits, this court must "look through" the unexplained denial of the California Supreme Court to the Court of Appeal's decision on procedural grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."). The court must interpret the California Supreme Court's mute denial to mean that it followed the Court of Appeal's determination that petitioner's petition was untimely. *See Hamilton v. Adams*, No. 10-16495, 2013 WL 3783607, *1 (9th Cir. July 22, 2013) (unpublished memorandum disposition); *see also Cannedy v. Adams*, 706 F.3d 1148, 1158-59 (9th Cir. 2013) (holding that *Ylst*'s "look through" doctrine survives *Harrington v. Richter*, 131 S. Ct. 770 (2011)); *Richter*, 131 S. Ct. at 785 (stating that the presumption that a state court's summary denial is an adjudication on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Camper v. Workers' Comp. Appeals Bd.*, 3 Cal.4th 679, 689 n.8 (1992) ("[W]e reiterate the well-established rule in this state that a denial of a petition for review is not an expression of opinion of the Supreme Court on the merits of the case."). Thus, for purposes of § 2244(d)(2), petitioner's petition for review in the California Supreme Court was not "properly filed," and petitioner is not entitled to statutory tolling for the periods before or during the consideration of this pleading to the California Supreme Court. *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.").

Petitioner's final state habeas petition, filed on June 3, 2011, to the California Supreme Court (Resp. Ex. L) also does not statutorily toll the statute of limitations because it was filed after the statute of limitations had already passed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Accordingly, petitioner is not entitled to statutory tolling.

B.  Equitable Tolling

Petitioner appears to argue that she is entitled to equitable tolling because the delay in her

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

6

filings was reasonable. (Traverse at 1.) Moreover, petitioner intimates that because of her mental and physical health, she could not fully exercise due diligence sufficient to file her federal petition on time.

Petitioner does not meet her burden of demonstrating that a basis for such tolling exists. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Supreme Court has determined that section 2244(d), is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562. The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

In addition, eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

(1) First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either

    (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

    (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

7

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and footnote omitted). Thus, under *Bills*, to evaluate whether a petitioner is entitled to equitable tolling, the court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements. *Id.* at 1100-01.

Here, petitioner has included six exhibits to support her claim for equitable tolling. The court notes that Exhibits L, M3, and M4, are dated June 27, 2013, October 16, 2012, and October 11, 2012, respectively. All of those exhibits are dated after the statute of limitations had already passed. Exhibits M1 and M2 (dated in 2010 and 2011) are copies of petitioner's mental health treatment plan. In those documents, the clinical summary describes that petitioner had medical issues related to being shot multiple times, and periodically being paralyzed from the neck down, which required therapy in order for petitioner to relearn how to function. (Traverse, Ex. M1.) Petitioner was on pain medication but was not on any psychotropic medication. (*Id.*) She had recurring nightmares and increasing problems with anxiety and stress. (*Id.*). Petitioner was diagnosed as having depression, anxiety, and trauma issues. (*Id.*) She was also reported as having suicidal thoughts. (*Id.*, Ex. M2.) Exhibit A, dated June 7, 2005, before petitioner's conviction even became final, stated that petitioner's cognition was within normal limits, there were no signs of psychosis, and she had no psychiatric history. (Traverse, Ex. A.)

Courts have declined to toll the statute of limitations under AEDPA where a petitioner's mental functions are within normal limits. *See Roberts v. Marshall*, 627 F.3d 768, 770 (9th Cir. 2010) (no tolling where petitioner's mental functions were classified as "good," "fair," or "within normal limits.").

The *Bills* test for mental impairment requires the court to evaluate how a petitioner's mental impairment bore on his ability to file. "The relevant question is: Did the mental impairment cause an untimely filing?" *Bills*, 628 F.3d at 1100 n.3 (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd
8

2003) (equitable tolling is available if it was "impossible to file a petition on time"). The question of mental competence "requires the court to evaluate the petitioner's ability to do by himself the two functions involved in complying with the AEDPA filing deadlines – i.e., understand the need to file within the limitations period, and submit a minimally adequate habeas petition – and to evaluate the petitioner's diligence in seeking assistance with what he could not do alone." *Id.* at 1100.

With respect to the first prong under *Bills*, petitioner's symptoms of depression, anxiety, and stress, did not leave her unable to understand or prepare her habeas petition. It appears that petitioner was capable of meeting with her clinician to discuss petitioner's mental health treatment plan, and her symptoms. Petitioner's medical records confirm her symptoms of depression and anxiety, but do not demonstrate a "severe mental impairment" that prevented her from understanding the need to timely file a habeas petition or to submit a minimally adequate habeas petition, as required by *Bills*.

With respect to the second *Bills* prong, on the current record, it is unclear whether jailhouse assistance was readily available to assist petitioner if and when her mental health was weakened, and how that assistance, if any, bore on her ability to meet the filing deadline. The court determines, however, that it is unnecessary to reach the diligence inquiry because the evidence submitted by petitioner does not support a finding that she had a mental impairment during the filing period that was so severe as to amount to an extraordinary circumstance that would entitle her to equitable tolling.

Indeed, petitioner is scant on evidence demonstrating that she was diligent in pursuing her federal claims but that her mental impairment made it impossible to file her federal petition on time. Petitioner has not proffered any facts to show if she was without legal assistance – including inmate assistance – during the relevant limitations period, or whether, due to his mental incompetence, petitioner was unable to secure legal assistance. *See Bills*, 628 F.3d at 1101 ("the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available [and t]he court should examine whether the petitioner's mental impairment prevented him from locating assistance or communicating with or sufficiently supervising any assistance actually found.").

Petitioner had approximately 200 days within which to file an opposition to respondent's

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd
9

motion to dismiss in order to support her claim of mental incompetence. Petitioner has not alleged any particular dates of mental incompetence, much less asserted what those mental disabilities are, to allow the court to determine whether those disabilities bore on petitioner's ability to file a federal petition during the relevant time period. In sum, there is no explanation as to how petitioner's alleged mental incompetency was the "but-for" cause of the failure to file a federal petition on time. The court is cognizant that evaluation of equitable tolling claims are "highly fact dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). However, the court gave petitioner several opportunities to expand her claim of equitable tolling and develop the factual record. *Cf. Laws*, 351 F.3d at 924-25 (remanding to the district court to order discovery, expansion of the record, or an evidentiary hearing based on petitioner's assertion that he was "deprived of any kind of consciousness" during the limitations period, and based on evidence in the state court record showing petitioner's psychiatric examinations conducted prior to trial, and other medical and psychiatric records from before the relevant limitations period); *Whalem/Hunt*, 233 F.3d at 1148 (remanding to the district court to "develop the facts and assess their legal significance" because the district court gave petitioner no opportunity to amend his petition or expand his declaration). Petitioner has not done so.

In short, petitioner has not demonstrated that she was unable to understand the need to timely file or that her mental state rendered her personally unable to file or effectuate the filing of this petition. *Bills*, 628 F.3d at 1099-1100. Moreover, petitioner has failed to make an adequate showing with respect to the second prong of *Bills*, that she was diligent in pursuing her claims. Equitable tolling is not warranted.

## CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED:    11/21/13

_____
LUCY H. KOH
United States District Judge

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.11\Robinson339dentime.wpd

11